**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Alonzo Renteria,<br><br>          Petitioner,<br><br>v.<br><br>United States of America,<br><br>          Respondent. | No. CV-20-02494-PHX-GMS<br><br>**ORDER** |

Before the Court is George Alonzo Renteria's ("Petitioner") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4). Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") in which she recommended the Court deny the motion. (Doc. 13.) Petitioner filed objections to the R&R. (Doc. 14.) For the reasons below, the Court adopts the R&R and denies Petitioner's motion.

## BACKGROUND

Having reviewed the record in this case, the Court adopts in full the factual background of the R&R. (Doc. 13 at 1–6.) The following facts are pertinent to Petitioner's specific objections: Petitioner is currently serving a life sentence, having been convicted of, *inter alia*, first-degree murder after a five-day jury trial in this Court.[1] (CR Doc. 163);

---

[1] Petitioner's federal criminal proceeding is docketed at *United States v. George Alonzo Renteria*, CR-16-00407-001-PHX-GMS. Citations to documents from the underlying criminal proceeding are marked as (CR Doc.) while citations to documents from the instant proceeding under 28 U.S.C. § 2255 are marked as (Doc.).

18 U.S.C. §§ 1153, 1111. Petitioner was represented by CJA counsel, Mr. David S. Eisenberg ("Mr. Eisenberg"), through trial and sentencing. (Doc. 8-1 ¶ 5.) Mr. Eisenberg met with Petitioner on several occasions, but Petitioner generally did not wish to discuss his case. (Doc. 8-1 ¶ 19.) Mr. Eisenberg reviewed all discovery in the matter, including records from Petitioner's prior state criminal cases, and employed several investigators to gather evidence and witnesses for Petitioner's defense. (Doc. 8-1 ¶ 17–19.) Mr. Eisenberg did not argue that Petitioner was not competent to stand trial.

At a pretrial conference, Mr. Eisenberg allowed the Government to put the terms of a rejected plea offer on the record but advised the Court that "any inquiry concerning whether [the offer has] been discussed or addressed between myself and my client come from me and not [Petitioner]," because he did not "want [Petitioner] to speak in court." (Doc. 13 at 4.) When the terms of the plea offer were made on the record, the Court advised Petitioner that "if you feel like you haven't received that offer, or if you have received it and have not rejected it, you should communicate with your counsel immediately." (Doc. 13 at 5.) In response, Petitioner nodded his head.

After Petitioner's conviction, Mr. Eisenberg retained a psychologist to examine Petitioner and prepare a mitigation evaluation report for consideration at sentencing. (CR Doc. 156-2.) The report notes several behavior and mental health conditions, including a long history of drug abuse; a troubled family upbringing; and that Petitioner appeared to meet the diagnostic criteria for a range of psychological conditions including Posttraumatic Stress Disorder, Antisocial Personality Disorder, Borderline Personality Disorder, and Borderline Intellectual Functioning. (CR Doc. 156-2 at 22.) Petitioner was sentenced to life in prison on June 11, 2018. (CR Doc. 163.)

His direct appeal having been denied, *see United States v. Renteria*, 793 F. App'x 646 (9th Cir. 2020), Petitioner now moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 4.) Magistrate Judge Bibles issued her R&R on August 10, 2021, recommending denial of Petitioner's motion on all five grounds. (Doc. 13.) Petitioner timely filed an objection to Magistrate Judge Bibles's determination

on Ground Two that Mr. Eisenberg was not constitutionally ineffective for failing to investigate Petitioner's mental health and competency to stand trial. (Doc. 14.)

## DISCUSSION

I. **Legal Standard**

　A. **Review of the R&R**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Est. of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," but may also "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

　B. **Ineffective Assistance of Counsel**

"Under *Strickland v. Washington*," 466 U.S. 668 (1984), "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is a "strong presumption that counsel's performance falls within the 'wide range of [. . .] professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review

is highly deferential." *Id.* "A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997).

With respect to the second prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111–12 (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112 (citing *Strickland*, 466 U.S. at 693).

**II.  Analysis**

**A.  Ground Two**

Petitioner objects to the magistrate judge's determination in Ground Two that Mr. Eisenberg was not ineffective for failing to investigate whether Petitioner was competent to stand trial. (Doc. 14 at 1.) "[T]o succeed on a claim that counsel was ineffective for failing to move for a competency hearing, there must be 'sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt defendant's competency,' and 'a reasonable probability that the defendant would have been found incompetent.'" *Dixon v. Ryan*, 932 F.3d 789, 802 (9th Cir. 2019) (quoting *Hibbler v. Benedetti*, 693 F.3d 1140, 1149–50 (9th Cir. 2012)) (finding the defendant's "right to effective assistance of counsel was not violated when his trial counsel elected not to challenge Dixon's competency to waive counsel, despite counsel's knowledge that Dixon had a history of mental health issues"); *see also Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011); *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003) ("Trial counsel has a duty to investigate a defendant's mental state *if there is evidence* to suggest that the defendant is impaired." (emphasis added)).

Mr. Eisenberg's failure to raise to the Court issues pertaining to the Defendant's

competency did not constitute deficient performance. Mr. Eisenberg "met with [Petitioner] many times to attempt to discuss the case with him." (Doc. 8-1 ¶ 19.) While Petitioner was generally unwilling to discuss his case, Mr. Eisenberg thought he "appeared engaged and interested during [their] interactions." *Id.* Nor did Petitioner appear to have difficulty understanding his counsel or the underlying case: Mr. Eisenberg recalls that "[i]n the course of having discussions about the case with [Petitioner], it was clear to me that he understood my questions, but he simply refused to provide me with the information that I was asking for." *Id.* Moreover, Mr. Eisenberg believed Petitioner's unwillingness to discuss the case stemmed not from any potential competency issues, but rather that Petitioner "did not want me reaching out to his past associates in the community or otherwise exploring his potential involvement with the crimes charged." *Id.*

Petitioner also "appeared to understand the nature of the charges against him" and the nature of the criminal process. (Doc. 8-1 ¶ 10.) He "expressed an understanding of" the difference between second- and first-degree murder, and appeared to understand Mr. Eisenberg when he explained concepts such as voir dire, proper court etiquette, and the nature of trial proceedings. *Id.* Petitioner "never expressed to [Mr. Eisenberg] any indication that he failed to understand the proceedings or that he could not aid in his defense." *Id.*

Finally, Mr. Eisenberg reviewed Petitioner's prior court proceedings, recorded statements made by Petitioner to law enforcement, and audio files. He was "not aware of any indication of incompetency in" Petitioner's prior cases, "nor did [Petitioner] indicate to me that he had failed to understand prior criminal proceedings." (Doc. 8-1 ¶ 11.) Nor did the other materials that Mr. Eisenberg reviewed in anticipation of trial provide any indication that Petitioner might be incompetent to stand trial. (Doc. 8-1 ¶¶ 17–18.)

Reviewing Mr. Eisenberg's actions in the deferential light required by *Strickland*, Petitioner has failed to show that his counsel ignored "sufficient indicia of incompetence" that would cause a reasonable counsel to question Petitioner's competence. *Stanley*, 633 F.3d at 862. Mr. Eisenberg did not feel any investigation was warranted despite having

repeatedly met with Petitioner and discussed his case and reviewed materials that would have shed light on any potential competency issues. As Petitioner has failed to show that Mr. Eisenberg ignored any indicia of incompetence before trial, his failure to investigate Petitioner's competency was not ineffective assistance of counsel. *See Washington v. Shinn*, 21 F.4th 1081, 1094–95 (9th Cir. 2021) (finding no ineffective assistance of counsel when counsel did not seek psychological evaluation after interviewing defendant and his family and reviewing relevant records, despite defendant's post-conviction assertions of "brain damage, a dysfunctional family background, and alcohol and cocaine addiction," because counsel was not aware of these assertions and his "more than adequate" investigation did not trigger "any red flags" warranting further investigation). Petitioner's best evidence is a post-conviction, pre-sentencing mitigation evaluation prepared by a licensed psychologist, which "noted several behavioral and mental health conditions." (Doc. 13 at 13); (CR Doc. 156-2.) However, the Court agrees with the R&R's conclusion that because the psychological examination did not take place until after conviction, and because the psychologist did not make any findings as to Petitioner's competency, it does not call into question Mr. Eisenberg's decision not to investigate Petitioner's competency before trial. (Doc. 13 at 14.) Therefore, the Court adopts the R&R as to Ground Two.

### B. Remaining Grounds

Petitioner also objects to the remainder of the R&R, characterizing its conclusions as "sophistry" and requesting that the Court review the R&R in its entirety. (Doc. 14 at 4.) However, the Court reviews only those portions of the R&R to which *specific* objection is made; "general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017); *United States v. Diaz-Lemus*, No. CR-09-2613-TUC-DCB, 2010 WL 2573748, at *1 (D. Ariz. June 22, 2010) ("De novo review of a magistrate judge's opinion is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). As Petitioner's objection to the remainder of the R&R does not inform the Court of any specific basis for objection, the Court declines to review the

remainder of the R&R de novo. Therefore, the Court adopts the magistrate judge's R&R in its entirety.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Objections to Report and Recommendation (Doc. 14) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the August 10, 2021 Report and Recommendation of United States Magistrate Judge Camille D. Bibles (Doc. 13) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **TERMINATE** this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of April, 2022.

_____
G. Murray Snow
Chief United States District Judge